MATTHEW G. BAGLEY (6820)
6228 W. TRIPLE CROWN LANE
HERRIMAN, UT 84096
TELEPHONE: (801) 446- 4865
ATTORNEY FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| STUART COHEN,<br><br>      Plaintiff,<br><br>v.<br><br>PLANET HOME LENDING, LLC, and EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>      Defendants. | Case No.:<br><br>**COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681** *et seq.***)** |

Comes now Plaintiff, Stuart Cohen ("Plaintiff") by and through counsel undersigned, and upon information and belief, hereby complains as follows:

## INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA"), whereby Plaintiff discovered inaccurate information reporting on his consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of Washington County, Utah.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681(a)(c).

4. Defendant, Planet Home Lending, LLC ("Planet Home") is and at all times relevant hereto was, a for profit institution regularly doing business in the State of Utah.

5. At all times pertinent hereto, Defendant Planet Home was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

6. Defendant, Experian Information Solutions, Inc. ("Experian"), is a credit reporting agency, licensed to do business in Utah.

7. Defendant Experian is, and at all times relevant hereto was, regularly doing business in the State of Utah.

8. Defendant Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

9. Defendant Experian furnishes such consumer reports to third parties under contract for monetary compensation.

10. At all times pertinent hereto, Defendant Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

12. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Washington County, Utah and Defendants do business in Utah.

13. Personal jurisdiction exists over Defendants as Plaintiff resides in Utah, Defendants have the necessary minimum contacts with the state of Utah, and this suit arises out of specific conduct with Plaintiff in Utah.

## FACTUAL ALLEGATIONS

14. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Planet Home and Experian (collectively, "Defendants"), and has suffered particularized and concrete harm.

15. Defendant Experian is one of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681(a)(f).

16. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

17. Defendant Experian has a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

18. On and around October 2023, Plaintiff discovered Defendant Planet Home was erroneously reporting an account, account number 571200XXXXX, on Plaintiff's consumer reports (the "Account").

19. Defendant Planet Home is reporting the Account on Plaintiff's Experian consumer report with a balance due.

20. The Account was paid in full by Plaintiff as of July 25, 2022.

21. Defendant Planet Home confirmed to Plaintiff that the Account was paid in full in a July 26, 2022, letter.

22. The balance reported on the Account negatively affects Plaintiff's creditworthiness and has lowered Plaintiff's overall credit score.

23. Because Defendant Planet Home still reports the Account with a balance due on Plaintiff's Experian consumer report, Plaintiff's report is not accurate and is misleading.

24. The false information regarding the Account appearing on Plaintiff's consumer reports harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

25. Defendant Experian published the false information concerning Plaintiff to third parties.

## PLAINTIFF'S WRITTEN DISPUTE

26. On or about November 2023, Plaintiff sent a written dispute to Defendant Experian (the "Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Experian consumer report.

27. Upon information and belief, Defendant Experian forwarded Plaintiff's Dispute to Defendant Planet Home.

28. Upon information and belief, Defendant Planet Home received notification of Plaintiff's Dispute from Defendant Experian.

29. Upon information and belief, Defendant Planet Home verified the erroneous information associated with the Account to Defendant Experian.

30. Defendant Planet Home did not conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

31. DefendantExperian did not conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

32. Upon information and belief, Defendant Planet Home failed to instruct Defendant Experian to remove the false information regarding the Account reporting on Plaintiff's consumer reports.

33. Defendant Experian employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Dispute Letter.

34. At no point after receiving the Dispute did Defendants Planet Home and/or Experian communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute Letter.

35. Defendant Experian relied on its own judgment and the information provided to it by Defendant Planet Home, rather than grant credence to the information provided by Plaintiff.

COUNT I – EXPERIAN

FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

36. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

37. After receiving the Dispute, Defendant Experian failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

38. Defendant Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Experian published and maintained concerning Plaintiff.

39.     As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

40.     Defendant Experian's conduct, action, and inaction was willful, rendering Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

41.     In the alternative, Defendant Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

42.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EXPERIAN
## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681(i)

43.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

44.     After receiving the Dispute, Defendant Experian failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

45.     Defendant Experian violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

46.     As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal

and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

47. Defendant Experian's conduct, action, and inaction was willful, rendering Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

48. In the alternative, Defendant Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

49. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – PLANET HOME

### Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)

50. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

51. After receiving the Dispute, Defendant Planet Home failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

52. Defendant Planet Home violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of Planet Home's representations; by failing to review all relevant information regarding Plaintiff's dispute; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Planet Home's representations to consumer credit reporting agencies, among other unlawful conduct.

53. As a result of this conduct, action, and inaction of Defendant Planet Home, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by

the trier of fact.

54. Defendant Planet Home's conduct, action, and inaction was willful, rendering Planet Home liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

55. In the alternative, Defendant Planet Home was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

56. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Planet Home pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks his statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendants' willful violations;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted this March 4, 2024

*/s/ Matthew G. Bagley*
Matthew G. Bagley
Attorney for Plaintiff
